**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

PRINCE ALBERT RANKIN, III,   :

         Petitioner,   :

         v.            :

JACK GRONDOLSKY, Warden,   :

         Respondent.   :

Civil Action No. 09-3721 (NLH)

**OPINION**

**APPEARANCES:**

Petitioner <u>pro</u> <u>se</u>
Prince Albert Rankin, III
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**HILLMAN**, District Judge

    Petitioner Prince Albert Rankin, III, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The sole respondent is Warden Jack Grondolsky.

---

    [1] Section 2241 provides in relevant part:

    (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
    (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Because it appears from a review of the Petition that
Petitioner is not entitled to relief, the Petition will be
dismissed.  See 28 U.S.C. § 2243.

## I.  BACKGROUND

On August 15, 1994, Petitioner pleaded guilty to various
drug offenses in the U.S. District Court for the Southern
District of Ohio; he was sentenced to a term of imprisonment of
235 months.  United States v. Rankin, Criminal No. 94-0051 (S.D.
Ohio).[2]  The Court of Appeals for the Sixth Circuit affirmed
Petitioner's conviction and sentence.  Id., Docket Entry No. 112.

On December 4, 1997, Petitioner submitted, in the trial
court, a motion to vacate his sentence pursuant to 28 U.S.C.
§ 2255.  On March 3, 1999, the court denied relief; the Court of
Appeals for the Sixth Circuit affirmed the denial of relief.
Id., Docket Entries Nos. 114, 122, 160.

Petitioner subsequently challenged his conviction and
sentence repeatedly, unsuccessfully filing numerous post-judgment
motions, including motions to vacate his sentence, motions for
new trial, motions for reconsideration, and motions for

---

[2] This Court will take judicial notice of the dockets of
other federal cases related to this Petition.  See Fed.R.Evid.
201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping
Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court,
on a motion to dismiss, may take judicial notice of another
court's opinion, not for the truth of the facts recited therein,
but for the existence of the opinion, which is not subject to
reasonable dispute over its authenticity).

certificates of appealability.  Id., Docket Entries Nos. 125, 130, 134, 137, 140, 147, 162, 177, 184, 188, 192, 202, 205.

Here, Petitioner asserts that the indictment was deficient, in that it failed to allege facts sufficient to constitute a crime, that certain irregularities occurred with respect to the Grand Jury, that the indictment failed to allege the amount of drugs at issue, that the guilty plea was coerced, and that there was no factual basis for the plea.  Petitioner seeks immediate release.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399

U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

### III.  ANALYSIS

Here, in the district of confinement, Petitioner contends that he is entitled to habeas relief under § 2241, despite the facts that he has filed, in the district of conviction, a direct appeal, a previous § 2255 motion, and previous other motions for relief from judgment, because of various alleged irregularities with respect to the Grand Jury process, the indictment, and the guilty plea.

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), Section 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  See also Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).  Motions under § 2255

4

must be brought before the Court which imposed the sentence.  See 28 U.S.C. § 2255.  In addition, before a second or successive § 2255 motion is filed in the district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition on the grounds of either (1) newly-discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense or (2) a new rule of constitutional law made retroactive by the Supreme Court.  28 U.S.C. §§ 2244(a), 2255.

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255.  Id.  To the contrary, the court was

persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

Here, Petitioner does not allege facts bringing his conviction within the Dorsainvil exception.  To the contrary, he explicitly seeks to avoid the gatekeeping requirements of § 2255, which strictly limit the circumstances under which a prisoner can file a second or successive motion.  Petitioner can not demonstrate that his circumstances constitute the sort of "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements.  Section 2255 is not "inadequate or ineffective" merely because Petitioner failed to succeed in his prior motions or because he failed to timely present certain claims in his prior direct appeal, § 2255 motion, or other motions for relief from judgment.

Thus, this Petition must be considered a second or successive motion under § 2255, which Petitioner has not received

authorization to file, and over which this Court lacks jurisdiction.³  28 U.S.C. § 2255.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.

Petitioner has not alleged facts to bring this Petition within the gatekeeping requirement of § 2255 permitting "second or successive" petitions based upon newly discovered evidence sufficient to establish that no reasonable factfinder would have found the movant guilty of the offense or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.  Accordingly, it does not appear

---

³ Although this Court is reclassifying Petitioner's petition as a § 2255 motion, no Miller notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds.  The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition.  Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals.  Because Petitioner in this case has already filed a § 2255 motion in the sentencing court, and because the current Petition is itself "second or successive," no purpose would be served by a Miller notice.

that it would be in the interest of justice to transfer this Petition to the Court of Appeals for the Sixth Circuit.[4]

IV. <u>CONCLUSION</u>

For the reasons set forth above, the Petition will be dismissed without prejudice for lack of jurisdiction.  An appropriate order follows.


At Camden, New Jersey              /s/ NOEL L. HILLMAN
                                   Noel L. Hillman
                                   United States District Judge

Dated: January 13, 2010

---

[4] In this regard, the Court notes that the trial court has directed the Clerk to reject any further post-judgment filings from Petitioner.  <u>See</u> <u>United States v. Rankin</u>, Criminal No. 94-0051 (S.D. Ohio), Docket Entry No. 212.